UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED OTIS-JAMES TATE,

    Plaintiff,    Case No. 1:12-cv-790

v.            Honorable Janet T. Neff

MIKE DAVIS et al.,

    Defendants.
_____/

## OPINION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the filing fee as funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Alfred Otis-James Tate is incarcerated at the Ingham County Jail (ICJ). He sues the following employees of ICJ: Sergeant Tim Kearns, Deputy (unknown) Rowley, and Major Mike Davis.

According to his *pro se* complaint, Plaintiff alleges that he is diabetic and was medically cleared for work in May 2012. On June 12, 2012, he received a job as a trustee. For each day that he worked, he received a day off of his sentence.

On June 24, 2012, at around 1 a.m., Plaintiff had a "diabetic reaction" as a result of low blood sugar. (Compl., docket #1, Page ID#3.) The nurse was called and she gave Plaintiff a shot to boost his blood sugar. Subsequently, Defendant Kearns removed Plaintiff from his job and placed him in observation, telling Plaintiff that he would receive his job back after "medical" cleared him for work. (*Id.*) At 2 p.m. that day, a nurse cleared Plaintiff for work and then informed the inmate job coordinator, Defendant Rowley, of Plaintiff's clearance. Rowley told the nurse that Plaintiff had been fired from his position and would not be rehired. The nurse told Plaintiff that "something personal was going on" and that Plaintiff should write to Defendant Davis. (*Id.*)

On June 25, 2012, Plaintiff wrote to Defendants Kearns, Rowley, and Davis, complaining that he had been discriminated against and requesting his job back. On July 2, 2012, Plaintiff filed grievances against Defendants, but he did not receive a response. Plaintiff also contends that he is being housed in a "dayroom in 100 degree weather sleeping on the floor with no air conditioner" and "no recreation." (*Id.*)

As relief, Plaintiff requests damages from each Defendant for "emotional stress," "pain" and "suffering." (*Id.* at Page ID#4.) Also, Plaintiff requests his job back and requests that

his "out date" be set to September 28, 2012, as it was when he was a trustee. (*Id.*) Finally, Plaintiff seeks to have Defendants removed from their positions.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Equal Protection

Plaintiff's assertion that Defendants have discriminated against him arguably presents an equal protection claim. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not allege that he is a member of an identifiable group or class, much less a suspect class. "[P]risoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998). In addition, prisoners do not have a fundamental right to a prison job under the Constitution.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.*

(quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)). Thus, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's claim of discrimination is wholly conclusory. Plaintiff does not identify any other similarly-situated individuals who were treated differently from him. The mere fact that Defendants deprived Plaintiff of his job does not, by itself, state an equal protection claim. Moreover, to the extent Plaintiff asserts that Defendants harbored animus against him in particular, the Supreme Court has indicated that rational basis review is not properly applied to "class of one" equal protection claims involving employment decisions and other discretionary decisionmaking:

> There are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 603 (2008). Defendants' decision to remove Plaintiff from his position is the very sort of discretionary decision that is not amenable to review as a class-of-one claim. Consequently, Plaintiff fails to state an equal protection claim.

### B. Eighth Amendment

Plaintiff also alleges, in passing, that he is being housed in a cell without air conditioning or recreation and that he is sleeping on the floor. The Court construes the complaint to raise an Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation

on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's claim fails because he does not allege that any of the Defendants were subjectively aware of his conditions and deliberately failed to correct them.

Moreover, Plaintiff's cursory allegation lacks sufficient detail to make out an objectively serious deprivation or risk to his health or safety. Plaintiff does not describe the nature of his conditions in any detail or allege that they persisted for an appreciable amount of time.

Indeed, the Sixth Circuit has held that allegations about temporary inconveniences, *e.g.*, being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). Thus, being required to sleep on the floor for several days does not give rise to an Eighth Amendment claim. *See Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002); *see also Brodak v. Nichols*, No. 97-1688, 1998 WL 553032, at *1 (6th Cir. Aug. 17, 1998) (rejecting a prisoner's generalized claim that he was required to sleep on the floor, because "he [did] not allege with any specificity that he was denied essential food, basic sanitation, or safe temperatures"). As in *Brodak*, Plaintiff does not allege with any specificity that he was denied essential food or sanitation, or subjected to unsafe conditions. In short, Plaintiff's bare assertion that he was deprived of a bed, air conditioning, and recreation for an unspecified period of time, without more, suggests only the "mere possibility" of an Eighth Amendment violation; it is not enough to show that Plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 3, 2013          /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge